[Civ. No. 2479.   Second Appellate District, Division One.—February 5, 1919.]

## W. H. TAGGART, Respondent, v. FRANK A. GRAHAM, Appellant.

VENDOR AND VENDEE — CONTRACT FOR SALE OF LAND — AGREEMENT OF VENDOR TO FURNISH CERTIFICATE OF TITLE—BREACH OF CONTRACT. Where the vendor in a contract for the sale of land agrees unqualifiedly to furnish a certificate of title by a specified title company, a failure to furnish such certificate constitutes a breach of contract, although the title company refuses to furnish such certificate.

ID.—TORRENS TITLE CERTIFICATES.—The vendee in such case cannot be compelled to accept a certificate under the Torrens land registration law in lieu of the certificate of a title company contracted for.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Bischoff & Thompson for Appellant.

H. W. Scheld for Respondent.

JAMES, J.—The court in this action rendered judgment in favor of the plaintiff for the sum of five hundred dollars, with interest and costs. The appeal is taken from such judgment and is presented on the judgment-roll and a brief bill of exceptions.

Plaintiff contracted to purchase from defendant certain real property. He paid five hundred dollars on the execution of the contract and was to pay the further sum of two thousand two hundred dollars at a later date. The contract contained this agreement: "And the party of the first part [the defendant] on receiving such payment, at the time and in the manner above mentioned, agrees to furnish to the party of the second part an unlimited certificate of title of the Union Title Co. of San Diego as of such date, showing title to said premises to be vested in the party of the first part free from all encumbrances, . . . " Plaintiff alleged in his complaint that he paid the five hundred dollars and that he "has stood ready, willing, and able to perform all of the covenants in said contract contained, and has so informed the defendant, that he would pay the defendant the sum of two thousand two hundred dollars, remaining due on said contract, at any time that the defendant would deliver the said property to the plaintiff with a certificate of title made by the Union Title Company of San Diego, California, as agreed to be done by the defendant herein; that defendant, at no time, has ever offered to comply with the terms of said contract in this: that the defendant would give the plaintiff a title to the said property under certificate of title from said Union Title Company of San Diego, but, on the contrary, the defendant has refused and still refuses so to convey said property to the plaintiff under said title so agreed upon." It was further alleged by the plaintiff that, in lieu of the certificate of the Union Title Company, the defendant had de-

manded of the plaintiff that he accept a certificate under the Torrens land registration law, which defendant would not accept. The answer admitted that the certificate of the Union Title Company could not be furnished because of the refusal of said Title Company to make a certificate on the land in question, the refusal, as alleged, being based upon the fact that such Title Company would not issue certificates on land registered under the Torrens law. It was also alleged in the answer that no tender was made on the part of the plaintiff of the two thousand two hundred dollars, the second payment to be made under the contract. There was no demurrer to the complaint, and by the allegations of the answer it was admitted that the defendant could not comply with his contract had a tender been made, in the particular of furnishing a certificate of title from the Union Title Company.

The court made findings in which it determined, among other things, that the property described in the contract was registered under the Torrens Land Act, and that the defendant was the holder of a registrar's certificate showing title to be vested in himself and wife free and clear of encumbrances, and that the defendant had deposited a grant deed in due form with the Union Title Company conveying said property to the plaintiff, and that, although requested so to do, the Union Title Company had refused to furnish a certificate of title. These findings are supported by the evidence, as it was shown by officers of the Union Title Company that it was a fact that that company had refused to make any certificate of title upon the property in question because only of the fact that the land was registered under the Torrens land law. Premising his argument upon the fact that such refusal became then an arbitrary refusal on the part of the Title Company to furnish the certificate, appellant insists that where such is the case and where a marketable title is available and offered to be transferred, the other contracting party may not insist upon the particular term of the contract as to the certificate to be supplied. He cites a number of cases, some California decisions, the general type being those where an architect of the owner arbitrarily refuses to issue a certificate showing the amount of work done by the contractor, even though the contract provides for the presentation of such a certificate as a condition to payment, the contractor constructing the work may, nevertheless, collect. These deci-

sions, of course, are sustained on the ground of agency between the owner and his architect, the act of the agent being deemed the act of the principal. Counsel cite one case, *Vought* v. *Williams,* 120 N. Y. 253, [17 Am. St. Rep. 634, 8 L. R. A. 591, 24 N. E. 195], which in its abstract text tends to sustain their contention. However, in that case the provision was that the defendant's title should be passed upon by a "lawyer or conveyancer" selected by the defendant, and it was said that an unreasonable refusal to make an examination of the title would not prevent the enforcement of the contract. We think, however, that a close analysis of any of the cases decided with the result contended for will show by the facts that an agency existed, by implication at least, between the contracting party, who agreed to furnish the certificate, and the person who was to furnish it. In this case the defendant contracted to prove good title by the certificate of an established Title Company. He contracted unqualifiedly to do this. It may have been that the plaintiff was not satisfied to accept the certificate of any other person or corporation, or a certificate issued under the Torrens land examination law. Certainly it was a matter about which the plaintiff had the right to contract, and it being apparently an essential condition imposed upon the defendant (and voluntarily assumed by the latter), there is no good reason why a failure to comply therewith should not be regarded as a breach of the contract. We think the court was right and that the judgment should stand.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1919.

Angellotti, C. J., Melvin, J., Wilbur, J., and Lennon, J., concurred.